A. G. ZIMMERMAN et al. v. STATE.

No. A-10299.    Sept. 1, 1943.

(141 P. 2d 123.)

Stephenson & Stephenson, of Okemah, and Hayden C. Covington, of Brooklyn, N. Y., for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.  A. G. Zimmerman and J. W. Mc-Curley, members of the school board of school district No. 36 in Woods county, and both being Jehovah's Witnesses, were charged by information filed in the county court of Woods county with unlawfully hindering and refusing to assist the teacher of said school district in the enforcement of an appropriate flag ceremonial in said public school, by reinstating certain pupils after they were suspended from said public school by the teacher for persistent violation of the school regulation in respect to the flag ceremonial as formulated by the State Superintendent of Public Instruction in Bulletin No. 146. The defendants were tried, convicted and sentenced to pay a fine of $150 each.

Certain pupils of the school district of which the defendants were respectively the director and clerk of the school board were suspended from school for refusing to participate in the flag salute ceremony. The children refused to salute the flag because it conflicted with their religious beliefs. A controversy arose and the teacher,

according to his testimony, submitted the matter to the school board "to decide whether I was right in suspending the children, or whether the children were right." The two defendants, constituting a majority of the school board, decided to reinstate the pupils in school who had been expelled for refusing to salute the flag and instructed the teacher to proceed with the flag ceremonial for those who wished to participate, but to excuse those children from participating who did not wish to do so because it conflicted with their religious beliefs.

Although this conviction arises in a different manner from the convictions discussed by this court in the cases of Pendley v. State, 77 Okla Cr. 259, 141 P. 2d 118, and Carter-Mort v. State, 77 Okla. Cr. 269, 141 P. 2d 122, they are all dependent upon a construction of the statute empowering the State Superintendent to prescribe a proper ceremonial for teaching respect to the American flag. If, as has been held by us in two decisions above referred to, pupils with conscientious religious beliefs could not be lawfully expelled from school because of their failure to participate in the flag ceremonial, then the actions of the two defendants in reinstating those pupils were proper and a conviction of them should be set aside.

The views of this court expressed in Pendley v. State, supra, therefore control in the disposition of this case.

It is therefore ordered that the judgment of the county court of Woods county be reversed and remanded with instructions to dismiss.

BAREFOOT, J., concurs. DOYLE, J., absent.