## BENNY PARTAIN v. STATE.

No. A-10303.    Sept. 1, 1943.

(141 P. 2d 124.)

C. E. Castle, of Wagoner, and Hayden C. Covington, of Brooklyn, N. Y., for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Benny Partain, was charged in the county court of Delaware county with the crime of contributing to the delinquency of a minor, was tried, convicted and sentenced to pay a fine of $250 and has appealed.

The defendant and his daughter, Imogene Partain, age 12, are Jehovah's Witnesses. The daughter refused to participate in the flag ceremonial at her school for the reason that to do so would be to bow down to a graven image, which was contrary to her religious instruction and belief. The father was charged in the instant case with contributing to the delinquency of a minor child in that he did aid and abet and encourage the said child to not participate in the flag ceremonial.

There are many interesting questions raised in this case, particularly with reference to whether or not the statutes on contributing to the delinquency of a minor child, 21 O. S. 1941 §§ 856 and 857, under which defendant is charged, are susceptible to the construction sought to be placed on them by the state. It is not necessary that we discuss the merits of this contention as the state's case rests entirely upon the assumption that the statute authorizing the State Superintendent of Public Instruction to prescribe an appropriate flag ceremonial for observance in the public schools of the state may be enforced by compelling all pupils to participate, irrespective of their religious beliefs.

This court, in the cases of Pendley v. State, 77 Okla. Cr. 259, 141 P. 2d 118; Carter-Mort v. State, 77 Okla.

Cr. 269, 141 P. 2d 122; and Zimmerman v. State, 77 Okla. Cr. 266, 141 P. 2d 123, followed the opinion of the Supreme Court of the United States in the case of West Virginia State Board of Education et al. v. Barnette, 63 S. Ct. 1178, 87 L. Ed. —, and held that the statute, 70 O.S. 1941 § 1091, when applied in such a manner as to expel a pupil from school for refusing to participate in the flag ceremonial because of conscientious religious beliefs, is unconstitutional in its application. For this reason the basis of the state's case herein falls.

It is not necessary to again recite the reasoning in support of this conclusion. It is fully stated in the cases hereinabove cited.

The judgment of the county court of Delaware county is therefore reversed and remanded with instructions to dismiss.

BAREFOOT, J., concurs.    DOYLE, J., absent.